UHR v. LAMBERT, Mayor pro tem., et al.
(No. 5809.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 11, 1916.)

1. APPEAL AND ERROR ⚙⟿843(1)—REVIEW—MATTERS FOR DETERMINATION.

An appellate court will not decide questions unnecessary to the affirmance, reversal, or rendition of the judgment attacked on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3331–3335, 3337–3341; Dec. Dig. ⚙⟿843(1).]

2. MUNICIPAL CORPORATIONS ⚙⟿184(1)—ORDINANCES—CHARTERS—POLICE.

Where the charter of a city authorized the commissioners of police and fire departments to appoint all members of the two departments, an ordinance authorizing the mayor to appoint special police who should hold office during his term unless otherwise determined by him is invalid as being in violation of the powers of the commissioners of police and fire departments.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 488–490; Dec. Dig. ⚙⟿184(1).]

3. MUNICIPAL CORPORATIONS ⚙⟿184(1)—POLICE—"SPECIAL POLICEMEN."

Though the charter of a city authorized the mayor to appoint special policemen, an ordinance authorizing the mayor to appoint special policemen to hold office during his term unless otherwise determined by him and to be under his absolute control is invalid, the term "special policeman" not embracing such an armed guard, but being intended to designate one who is not a member of a permanent and organized police force, but merely engages to do temporary police duty in a particular place on a special occasion (citing Words and Phrases, Special Policeman).

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 488–490; Dec. Dig. ⚙⟿184(1).]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by Robert F. Uhr against J. R. Lambert, Mayor pro tem., and others. From a judgment issuing an injunction, plaintiff appeals. Affirmed.

Jos. Ryan, Frank H. Wash, and Scott & Dodson, all of San Antonio, for appellant. George R. Gillette, R. J. McMillan, and Robt. G. Harris, all of San Antonio, for appellees.

FLY, C. J. Appellant, as plaintiff in the court below, sought to obtain an injunction restraining and prohibiting the mayor and mayor pro tem of the city of San Antonio "from appointing any special police for the city of San Antonio." The court granted a temporary injunction—

"restraining each of the defendants, Clinton G. Brown as mayor and J. R. Lambert as mayor pro tem of the city of San Antonio from September 1, 1916, and continuously thereafter, pending final trial hereof, from approving any pay rolls for the city of San Antonio, disbursing city of San Antonio funds, having thereon the names of any special policemen now acting or hereafter appointed under said ordinance, and from approving any vouchers or warrants drawn against the funds of said city in payment of services rendered after September 1, 1916, as special policemen under said ordinance upon plaintiff giving bond in the sum of $500."

The judgment was not in terms responsive to the pleadings, as appellant asked for an injunction prohibiting the appointment of special policemen, while the court enjoined the approval of any pay rolls for special policemen appointed under and by the authority of a certain ordinance hereinafter commented upon.

[1] Appellant makes no attack upon the judgment rendered by the court, the only assignment of error being:

"The court erred in holding that section 25 of the charter of the city of San Antonio was not repealed by the adoption of the amendments thereto introducing commission form of government."

The holding as to the validity of section 25 is no part of the judgment, but merely is a

reason given for rendering the judgment, and the judgment can and will be sustained by this court without reference to the existence of section 25. The whole object of the appeal seems to be to obtain an opinion of this court as to the validity of section 25 of the charter, and no complaint is made, through an assignment of error, that the judgment does not in terms restrain appellees from making appointments under the ordinance. It is not incumbent on an appellate court to decide questions not necessary to the affirmance, reversal, or rendition of a judgment, and all the relief to which appellant is entitled can be given without passing on the validity of section 25.

[2, 3] The petition assails the validity of section 25, because it was the basis of an ordinance providing for the appointment of special policemen, and the attack is made on appointments under and by virtue of the ordinance based on section 25 of the charter, which was a part of the old charter, and is included in the new or amended charter upon the hypothesis that it is not in conflict with any of the provisions of the amendments. That section gave the mayor the authority to appoint special policemen, not a permanent body of armed men in such numbers as might suit the will and purposes of the mayor. In arriving at the conclusion that the ordinance was invalid, it was not necessary to pass upon the validity of section 25; for, however valid it might be, it does not authorize the enactment of an ordinance that would place the mayor in command of a permanent armed constabulary force, unlimited in numbers, as thoroughly under his authority and control as any military organization could be under the control of its officers. Such an ordinance would undermine a commission charter, and would be subversive of popular government.

Appellees have filed a cross-assignment attacking the judgment of the court granting the injunction against paying the salaries of special policemen. The charter of the city of San Antonio, as amended in 1911, gave the commissioner of the police and fire departments the authority to appoint all the members of the two departments. Brown v. Uhr, 187 S. W. 381. Such being the case any ordinance which attempts in any manner to curtail, weaken, or destroy the appointing power placed in the commissioner is null and void. On June 30, 1916, the Commissioners of the city of San Antonio passed an ordinance in regard to special police, which is in direct conflict with section 16 of the city charter. It sought to clothe the mayor with the power to appoint and commission certain policemen, to hold office during the mayor's term of office, unless otherwise determined by him, and who are placed under the absolute control and direction of the mayor. It was in fact an attempt to create another and

separate body of policemen from the one contemplated by the charter, which body of men would not be under the control of the commissioner of the police department, but would be absolutely independent of him. Such a body of men would not be comprehended within the terms of section 25 of the charter, if it be valid; for it was never contemplated, even under aldermanic rule, that the mayor should have under his absolute control, during the whole of his incumbency in office, a body of armed men appointed by him and whose tenure of office would depend upon his autocratic will alone. The members of this contemplated organization are designated "special policemen," but they are not what is usually meant when using the word "special." They are like unto all general policemen, save and except that they are at the absolute disposal of the mayor. Special policemen, as named in section 25, are those designed for a particular purpose, as in opposition to those designed for the general duties of regular policemen. The "special policemen" intended by the ordinance were to be clothed with all the power and duties of regular policemen, in no manner differing from them except that they were to be the mayor's own police, dependent on him for their appointment and continuance in office. The term "special policeman" is used to designate one who is not a member of a permanent and organized police force, but who merely engages to do temporary police duty in a particular place on a special occasion. Words and Phrases, vol. 7, p. 6586. That is the meaning of the term as used in section 25, or wherever it may be used. The ordinance is invalid whether section 25 is in effect or not. The effect of the ordinance, if enforced, would be to displace the charter adopted by the people of the city of San Antonio, and put the mayor in command of a body of policemen as permanent as his will might dictate. The ordinance is not only antagonistic to the provisions of the charter, but is destructive of the genius of commission government.

The judgment will be affirmed.