JUNE WHATLEY v. THE STATE.

No. 11090.   Delivered June 23, 1928.

The opinion states the case.

*Clyde E. Thomas* of Big Springs for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was convicted of aggravated assault upon one J. M. Choate, "the said J. M. Choate then and there being a special police officer of the City of Big Spring;" penalty, fine of $25.00.

A sufficient statement of the facts necessary to illustrate the law points discussed is briefly as follows:

The prosecuting witness, Choate, on the 15th day of May, 1926, received from the Mayor of Big Spring the following written appointment:

"STATE OF TEXAS, COUNTY OF HOWARD,
    CITY OF BIG SPRING,

This is to certify that by virtue of Article 995 of the Revised Statutes of the State of Texas, 1925, J. M. Choate is hereby appointed Special Policeman for the City of Big Spring, Texas, with all and full power given him under the said Article and for the purpose of enforcing any and all the laws of the State of Texas within the city limits of Big Spring and the ordinances of the said city.

This commission is to remain in force until the City Council of the City of Big Spring shall meet in regular session.

GIVEN under the hand and seal of the City of Big Spring, this the 15th day of May A. D. 1926, at Big Spring, Howard County, Texas.

                                   Clyde E. Thomas,
SEAL                               Mayor, City of Big Spring.
Attest: Louise Middleton,
Secretary, City of Big Spring: By V. M."

He thereafter acted as special policeman until after the date of the offense of which appellant was convicted. He was recognized as a police officer by the other officers of Howard County and the City of Big Spring, as well as by the public. He made frequent arrests, collecting fines and exercising the duties usually performed by a police officer. On the date in question Choate arrested appellant on a public street in the City of Big Spring for disturbing the peace and for being drunk in a public place. He further testified that appellant at the time was driving a car while intoxicated and was drunk and cursing on a public street and that this happened in his presence and within his view. Appellant was arrested without a warrant. Choate testified that appellant knew he was an officer prior to and

at the time of his arrest. Prosecuting witness, Choate, apparently never qualified by taking oath or giving bond and he acted at all times by virtue of the appointment above set out but with the acquiescence and consent of the Mayor of Big Spring and the City Council thereof.

The appellant's exceptions to the Court's charge cannot be considered because not verified by the trial court. However, practically all of them are disposed of adversely to appellant in our discussion of the sufficiency of the evidence to sustain the conviction, which involves particularly the questions of: (1) Whether or not prosecuting witness could be a de facto officer, and if so (2) whether such fact was sufficiently proven, and finally, with affirmative answers to both the above, whether he could legally arrest appellant without a warrant under the facts of this case.

A de facto officer was defined by the Court in his charge as follows:

"A de facto officer is one who is in possession of an office and discharging its duties under color of authority, by which is meant authority derived from an election or appointment, however irregular or informal, so that the incumbent be not a mere volunteer."

This definition appears to be in the exact verbiage of the one approved in Brown v. State, 42 Tex. Crim. Rep. 418. Whatever might be said of its correctness under a different state of facts, we believe it is correct under those exhibited in this record.

It was said in Brown v. State, supra, that "the decisions indicate that, before one can be a de facto officer, there must be some office he could hold de jure." It is plausibly argued by appellant that no such office as special police officer had ever been created by ordinance of the City of Big Spring, and none in fact existed under the law, and therefore prosecuting witness, Choate, could not become under any state of facts a de facto officer. A sufficient answer to this is that Art. 995, R. S., 1925, by its terms authorizes the appointment of and by such, impliedly at least, creates the office of special police officer. It has been held that a policeman is a police officer. Hull v. State, 50 Tex. Crim. Rep. 607. There being express statutory authority under said Art. 995 for the appointment of prosecuting witness to the office he assumed to hold, we are of the opinion that he could under a proper state of facts be a de facto officer. Are such facts present in this record? It is urged that the written appointment set out above expressly limited his appointment of office to the next meeting of the City Council and this contingency having

happened long before the arrest in question, he was therefore neither an officer de jure nor de facto. By the terms of said Art. 995 such an appointment may be orally made. The record affirmatively shows that witness continued to act with express consent and acquiescence of the City Council and Mayor of Big Spring, if indeed it does not show that he did so by their express direction, until after the alleged commission of the offense by appellant. It further shows he was reputed to be and was recognized by the public as such officer. We regard these facts as amply sufficient to show affirmatively that he was a de facto officer. Furthermore, we see no reason to doubt that said witness, if he continued to act under an expired commission without interruption and without question by the public or by the officers of Big Spring, but with their acquiescence, that such facts would constitute him a de facto officer. It has been said:

"Yet, although an expired commission is not color of title to office, still, if an elected or appointed public officer continues, without break, and without question by the public, to exercise the functions of the office after the expiration of his commission, this is a continued exercise of the duties of the office by acquiescence, and under the modern rule, constitutes the person thus acting an officer de facto." Ex Parte Tracey, 93 S. W. 542.

Quoting from this authority further:

"In all of these cases the doctrine is announced that, while a de facto officer may be one who holds under color of election or appointment, which may not be altogether regular, there is still another class who may be de facto officers without regard to any election or appointment; that is, one who exercises the duties of an office for a length of time, and acquiescence on the part of the authorities and of the public. In such cases the incumbent, regardless of his induction, may be considered a de facto officer * * * a de facto officer may be such * * * without a known appointment or election, but under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry, to submit to or invoke his action, supposing him to be the officer he assumed to be."

Without expressly approving all the language used in the Tracey case, supra, we regard it and the case of Brown v. State, supra, as ample authority to support our view that the facts are sufficient to show prosecuting witness a de facto officer on the date in question.

Regarding the right of the witness to arrest appellant without a warrant, the record is sufficient to show that appellant in view of such officer was committing both a felony and "an offense against

the public peace," either of which authorized his arrest without a warrant. Art. 212, C. C. P.; Branch's P. C., Sec. 1979, and authorities there collated.

Various bills present the question of alleged error in the admission of evidence showing in effect that said prosecuting witness was acting as and was reputed to be and known as a peace officer. Such testimony, we think, was admissible under the facts of this case, it being necessary to show that appellant knew witness was such officer at the time of the alleged assault by him and to prove he was in fact a de facto officer. Ex parte Tracey, supra.

Appellant questions the jurisdiction of the County Court upon the ground that no proper order of transfer from the District Court under Art. 419, C. C. P. appears in the record. It is only required that the terms of such article be substantially complied with. See authorities collated in Vernon's C. C. P., 1925, Vol. 1, p. 339. The record, however, shows a literal compliance with the law and appellant must have not seen the record before filing his brief.

Believing that no error is shown in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.