## HERBERT POLKE V. THE STATE.

No. 19275.   Delivered January 12, 1938.
Rehearing denied May 11, 1938.

The opinion states the case.

*Synnott & Smith,* of Jasper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is perjury; the punishment, confinement in the penitentiary for two years.

I. R. Jones had been indicted for making an assault upon P. A. Cobb with a pistol which it was alleged Jones was unlawfully carrying. During an investigation of the charge against Jones appellant appeared as a witness before the grand jury, and, according to the testimony of the State, testified, in substance, that he had not requested Jones to go with him to the place of the alleged assault for the purpose of aiding him (appellant) in quelling a disturbance of the peace. Appellant was a constable, and the question before the grand jury was whether Jones was lawfully carrying a pistol after being called upon by the appellant to aid him in making an arrest on the occasion in question. Based upon appellant's testimony, the grand jury in-

dicted Jones and thereafter he was brought to trial. Appellant appeared as a witness in Jones' behalf, and, in substance, testified that he had requested Jones, in his capacity as a peace officer, to aid him in quelling the disturbance. In short, appellant's testimony, if believed, showed that Jones was lawfully carrying a pistol. After appellant had so testified he was questioned by the district attorney concerning his testimony before the grand jury. In response to these questions he denied that he had testified before the grand jury that he did not request Jones to aid him in quelling the disturbance.

Perjury was assigned in the indictment herein on the statement of the appellant that he had not testified before the grand jury that he had not requested the aid of Jones on the occasion in question. The indictment charges the truth to be that he made such statement. There is a proper averment touching the materiality of the statement. Appellant's testimony on the trial of the case was injurious to the State, and the district attorney had the right to impeach him by showing that he had made a contradictory statement in regard to the matter before the grand jury. When he denied that he made the statement before the grand jury, when in fact, according to the testimony of the State, he had made it, "it being material to his credibility, it could be assigned for perjury, and, upon proper proof, conviction legally sustained." Whitaker v. State, 36 S. W. 253.

The indictment having averred that the false statement was material to the issue, it was unnecessary that the allegations further show how such statement became material. Branch's Annotated Texas Penal Code, Section 840. We are constrained to hold that the indictment sufficiently charges the offense.

The proof on the part of the State was amply sufficient to sustain the allegations of the indictment.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that under the law in force at the time of the commission of the alleged offense by Jones under no circumstances could he have been lawfully carrying a pistol because the statute then in effect did not exempt from prosecution one who had been called to the aid of an officer and was carrying a pistol while engaged in that duty.

Revised Statutes (1916), Vol. 1, Article 476, Vernon's Ann. P. C., provided that the article which denounces the unlawful carrying of a pistol shall not apply to "a peace officer or a policeman, or persons summoned to his aid." By the Act of the Legislature in 1918, which now appears as Article 484, P. C., there was omitted from said exemption those summoned to the aid of a peace officer. By reason of the facts stated appellant contends that it could not have been a material inquiry whether appellant testified before the grand jury that he had summoned Jones to aid him (Polke) in the discharge of his official duties as a constable. We regard the case of O'Connor v. State, 40 Texas 27, as direct authority against appellant's contention. In 1871 (Gammel's Laws of Texas, Vol. 6, page 927), the Legislature denounced the unlawful carrying of a pistol and other enumerated weapons and specifically exempted therefrom sheriffs, policemen and other peace officers, but did not in specific terms also exempt those who might be summoned to the aid of said officers. O'Connor had secured from the proper authorities in the County of Goliad a search warrant to search for certain stolen property. This warrant had been placed in the hands of an officer for execution. The officer called O'Connor to his aid along with other parties. O'Connor responded, arming himself with a pistol, and was prosecuted for unlawfully carrying the same. Upon his trial the court declined to instruct the jury that the search warrant in the hands of the officer would protect O'Connor if the latter was summoned as a member of the posse. For a failure to give this instruction the judgment of conviction against O'Connor was reversed. In 1874, when O'Connor's case was tried, the law was in the same condition as it is now with reference to the omission of a specific exemption of those called to the aid of peace officers. Any other holding than that announced in O'Connor's case would present a most anomalous situation. Article 39, C. C. P., provides that a peace officer who has summoned any person to assist him shall report such person if he refuses to obey in order that he may be prosecuted for failure to respond to the officer's summon. Article 348, P. C., provides that any person who refuses to aid a peace officer when called upon to assist in the execution of the duties incumbent upon such peace officer shall be fined not exceeding one hundred dollars. In addition thereto Article 6886, R. C. S. (1925), provides that a constable may call to his assistance any citizen of the county who may be convenient and that any person who refuses or fails to obey such call may be fined as for contempt by any justice of the peace in a sum not exceeding ten dollars. Under the statutes referred to a citizen called

to the aid of an officer certainly should not be expected to respond without arms for his own protection. For other authorities against appellant's contention see Barnett v. State, 89 Texas Crim. Rep. 45, 229 S. W. 519, and Reynolds v. State, 132 Texas Crim. Rep. 204, 104 S. W. (2d) 17.

We adhere to our original holding that the indictment is not subject to the criticism leveled at it.

We have again examined all the bills of exception brought forward and are of opinion that none of them presents such error as calls for a reversal.

The motion for rehearing is overruled.