

# The Attorney General of Texas

December 15, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Fred Toler
Executive Director
Texas Commission on Law Enforcement
  Officer Standards & Education
1106 Clayton Lane, Ste. 220-E
Twin Towers Office Building
Austin, Texas 78723

Opinion No. H- 1286

Re: Whether citizens summoned as special police force are subject to requirements of article 4413(29aa).

Dear Mr. Toler:

You ask whether citizens summoned into service as a special police force by a mayor pursuant to article 995, V.T.C.S., are subject to the requirements of article 4413(29aa), V.T.C.S., a statute relating to minimum physical, mental, moral and educational standards for law enforcement officers. Article 995, enacted more than one hundred years ago, provides:

> Whenever the mayor deems it necessary, in order to enforce the laws of the city, or to avert danger, or to protect life or property, in case of riot or any outbreak or calamity or public disturbance, or when he has reason to fear any serious violation of law or order, or any outbreak or any other danger to said city, or the inhabitants thereof, <u>he shall summon into service as a special police force, all or as many of the citizens as in his judgment may be necessary.</u> Such summons may be by proclamation or other order addressed to the citizens generally, or those of any ward of the city, or subdivision thereof, or may be by personal notification. Such special police force while in service, shall be subject to the orders of the mayor, shall perform such duties as he may require, and shall have the same power while on duty as the regular police force of said city.

(Emphasis added). Acts 1875, 14th Leg., 2d Session, ch. C, at 119.

If such persons must meet article 4413(29aa) requirements, then others similarly situated must meet them, too. Article 995 applies only to general

law cities, but some home rule cities have included similar provisions in their charters. Attorney General Opinion M-246 (1968). Moreover, article 2.14, Code of Criminal Procedure, provides that police officers meeting resistance may also "summon a sufficient number of citizens to overcome the resistance." All persons summoned by the officer are bound to obey, and if they do not obey are required to be reported to the appropriate prosecuting attorney. Code Crim. Proc. arts. 2.15, 2.14. Before the new Penal Code was adopted in 1973, a failure or refusal to aid a magistrate or officer in the performance of his duty (e.g., a refusal to respond to an article 995 summons) when he was lawfully required to do so was made subject to a one hundred dollar fine by former Penal Code article 348.

Article 4413(29aa), V.T.C.S., creates the Commission on Law Enforcement Officer Standards and Education and empowers it, among other things, to certify persons as being qualified to be "peace officers" designated by article 2.12, Code of Criminal Procedure. According to this legislative act, unless persons appointed as peace officers within the meaning of the Act have been so certified, they commit a crime by accepting the appointment. V.T.C.S. art. 4413(29aa), SS 2(c), 2(h), 6(b), 6(c), 6(e). This statute was enacted in 1965 while former Penal Code article 348 was still in force.

Thus, the Legislature placed the citizens of this state in a legal dilemma in 1965 if, when it enacted the law creating the Commission it intended that article 4413(29aa) apply to citizens summoned as a special police force by a mayor, or summoned by a police officer to aid him. As the law would stand in that event, citizens who failed for any reason to obey such an order could have been guilty before 1973 of a crime under former Penal Code section 348; however, if they obeyed without first being certified by the Commission, they could have been guilty of a different crime under article 4413(29aa). We do not believe such was the legislative intent. See Polke v. State, 118 S.W.2d 793 (Tex. Crim. App. 1938).

Statutes that deal with the same general subject are considered in pari materia and are to be read together, harmonizing conflicts if possible. Bishop v. Houston Ind. School Dist., 29 S.W.2d 312 (Tex. 1930). The intended thrust of article 4413(29aa) is revealed by section 2(b) thereof which authorizes the Commission to

> Establish minimum educational, training, physical, mental and moral standards for admission to employment as a peace officer: (1) in permanent positions, and (2) in temporary or probationary status.

(Emphasis added). The authority to certify persons as being "qualified under the provisions of this Act" to be peace officers is given immediately afterward in section 2(c). We think these provisions reach only persons seeking employment as peace officers, and not citizens involuntarily pressed into service as keepers of the peace. See Code Crim. Proc. arts. 6.05 (citizens called to aid peace officer), 8.01, 8.05 (officers may call for aid). Cf. Code Crim. Proc. arts. 8.08, 8.09 (special

constables), art. 45.20 (execution  of justice's warrant); V.T.C.S. art. 998 (appointment of regular police officer).

This conclusion is suggested by an analysis of section 2A of article 4413(29aa), added to the statute in 1971. That provision authorizes and requires the Commission to establish minimum standards for reserve law enforcement officers, distinguishing between reservists and regularly employed policemen [(including those employed in temporary positions or on probationary status); see Attorney General Opinions M-282 (1968); WW-997 (1961)]. The statutory authority to establish a police reserve force is article 998a, V.T.C.S., also enacted in 1971. It contained from the first a grandfather clause allowing persons previously serving as reserve law enforcement officers to serve as reservists until January 1, 1973, without fulfilling the minimum standards established by the Commission on Law Enforcement Officer Standards and Education. Acts 1971, 62nd Leg., ch. 829, § 6, at 2532. It was apparently the understanding of the Legislature in 1971 that persons not regularly employed as policemen, even though serving as reserve law enforcement officers, were not subject to the provisions of article 4413(29aa) prior to its amendment.

This legislative construction is in accord with the apparent thrust of the statute, which is to upgrade the responsible effectiveness of regular law enforcement personnel by encouraging the development of high standards capable of practical local implementation. We do not believe the Legislature intended by the enactment of article 4413(29aa) to prevent officers from calling upon citizens for aid when the need arises, or to require citizens to decide at their peril whether answering the call would be lawful. Cf. Penal Code § 9.51 (justification for use of force). See Weatherford v. State, 21 S.W. 251 (Tex. Crim. App. 1893) (citizens summoned to aid officers do not act at their own peril). See also Presley v. Ft. Worth & D.C. Ry. Co., 145 S.W. 669 (Tex. Civ. App. — Amarillo 1912, no writ) (public policy protects one involuntarily aiding officer).

Article 4413(29aa) does not expressly refer to article 995 or the power of an officer to summon citizens to his aid, but it does contain the following language in section 8:

> Except as expressly provided in this Act, nothing herein
> contained shall be deemed to limit the powers, rights, duties
> and responsibilities of municipal or county governments. . . .

The Commission has interpreted this language as excepting from its jurisdiction those citizens summoned into service by a mayor under the powers vested in such officers by article 995, V.T.C.S. Cf. Code Crim. Proc. arts. 2.10, 2.09 (magistrates). Your administrative interpretation of more than a dozen years standing has not been repudiated by the Legislature, and it is particularly significant in the light of the legislative treatment accorded police reservists in 1971. Cf. V.T.C.S. art. 998a(h). We believe the courts of this state would hold that persons summoned by a mayor to constitute a special police force pursuant to article 995 are not subject to

the requirements of article 4413(29aa) unless they subsequently become voluntarily employed as peace officers. Compare Whatley v. State, 8 S.W.2d 174 (Tex. Crim. App. 1928); Gonzales v. State, 110 S.W. 740 (Tex. Crim. App. 1908); Uhr v. Lambert, 188 S.W. 946 (Tex. Civ. App. — San Antonio 1916, no writ); Attorney General Opinions H-1002 (1977); M-767 (1971); M-246 (1968); O-5621 (1946). While citizens so summoned may be peace officers for other purposes, they are not persons "appointed as peace officers" within the meaning of article 4413(29aa).

## SUMMARY

Persons summoned by a mayor to constitute a special police force pursuant to article 995, V.T.C.S., are not subject to the requirements of article 4413(29aa) unless they subsequently become voluntarily employed as peace officers.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn