J. R. MOORE v. THE STATE.

No. 9437.   Delivered June 3, 1925.

Murder—Charge of Court—Held Sufficient.

No complaints are presented in the record to the introduction or rejection of any testimony. Objections raised to the court's charge have been carefully examined, and find we, that all of the legal rights of appellant were conserved. The facts amply support the verdict, and the cause is affirmed.

Appeal from the District Court of Hopkins County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction of murder; penalty, thirty-two years in the penitentiary.

The opinion states the case.

*Dial & Brim,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in district court of Hopkins County for murder; punishment, thirty-two years in penitentiary.

The case is before us without a bill of exceptions to the introduction or rejection of any testimony. Certain exceptions were reserved to the charge of the court which are certified as having been presented at the proper time. Each of these has been carefully considered and compared with the main charge and we have concluded that in each of said exceptions, as the charge now appears, there is no error. Either the learned trial judge corrected the charge in response to the exceptions taken, or else same were without merit originally.

When the court applies the law to the facts and at the conclusion of same properly instructs the jury that unless they so believe beyond a reasonable doubt they will acquit the accused, such paragraph is not open to the exception that it does not present the converse of the matters therein set up.

In various paragraphs in the charge the court instructed the jury that in determining the question of danger or apparent danger; the sufficiency of the acts or demonstrations, if any, of the accused, as to beginning of the difficulty, or the execution of threats theretofore made,—these things were to be determined from the standpoint of the accused and that alone. The seventeenth paragraph of the charge is as follows:

"Where the question arises as to whether the person committing the homicide has reason to apprehend danger, the facts and circumstances must be viewed and considered from his standpoint at the time of the killing and from no other."

The sufficiency of the facts to sustain a judgment for murder, is attacked. It is insisted that the confession of appellant, which was introduced by the State and not disproved or contradicted, makes out only a case of manslaughter or self-defense. We have scrutinized said confession closely in connection with the other facts in the case. The State introduced a number of witnesses who testified to serious threats made by appellant against the deceased. The two men had had trouble over a road along which deceased was traveling in a little vehicle called a float, at the time he was shot. Appellant admitted that on that day he buckled on a holster containing a pistol and went down to a cane patch of his bordering the road. He said he started to go to the house of deceased to get from him an explanation of certain statements which he claimed had been communicated to him as having been made by deceased. He said that when he got to the cane patch he concluded to do some work

100 Tex. Crim.—23.

there. Said cane patch commanded a view of the road along which deceased traveled going to and from his market. Shortly after appellant took his place in the cane patch deceased came driving along the road. Appellant admitted that he walked down to his fence and when deceased came along he accosted the latter and asked him why he had run around and told people a pack of lies about said road. Both in his confession and in his testimony on the trial he said that deceased denied having done so. Appellant replied to him that he had and deceased answered that appellant was a damned liar. In the confession appellant said that at this point deceased began to get off his hack on the side next to appellant, that he had one hand back of him and appellant thought deceased was going to get out of the hack. Deceased was sitting on a box and appellant said he could not tell where the hand of deceased was; he did not know whether said hand was on the box deceased was sitting or on his hip or hanging down. That when deceased turned toward appellant he, the latter, drew his pistol and began shooting. Appellant fired three shots. Deceased fell off the hack on the south side, being the side farthest from appellant and was found dead on that side of the vehicle, his head being under the body of the hack and his feet extending away from it. Deceased had no weapon, and the three shots found in his body entered from the left side.

We find nothing in appellant's contention to the effect that the testimony only supported at most a conviction for manslaughter. Deceased was driving east, sitting on a box at the front of a little vehicle which had no sides and only a floor for its bed. Appellant was on the north side of the road and some eight or ten feet from the vehicle. This would put the left side of deceased toward appellant, and, ordinarily considered, would put his right hand out of sight when on the far side of the body of deceased away from appellant. The wounds in deceased's body would support the proposition that he was in this position when each shot struck him. Appellant began the difficulty by accosting deceased and accusing him of telling a pack of lies about him. He admitted that he might have accused deceased of telling a pack of damned lies. The fact that the body of deceased was found on the south side of his hack seems to negative entirely the proposition that he was getting off of it on the north side at the time appellant shot.

We deem the facts sufficient, and finding no error in the record calling for a reversal, the judgment will be affirmed.

*Affirmed.*