CHARLES LOUGHLIN MCKINNON V. STATE.

No. 26,397.   May 27, 1953.
Rehearing Denied October 14, 1953.

C. S. *Farmer*, Waco, and *John Cutler*, Houston, for appellant.

*William H. Scott*, Criminal District Attorney, *Robert Gooding* and *King C. Haynie*, Assistants Criminal District Attorney, Houston, and *Wesley Dice*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for murder without malice under Art. 802c, V.A.P.C.; and his punishment was assessed at five years in the penitentiary.

John Wood testified that on October 8, 1952, Charles Atkinson was about five feet from the pavement of the street when he was struck by an automobile driven by appellant and was knocked about fifty feet; that appellant's car was going seventy miles per hour after striking Atkinson, and travelled 163 feet before the skid marks started and then skidded 115 feet. He further said that he went immediately to appellant's car and told him to "get out and see what he did," and appellant replied "What was the s-- of a b---- doing out in the middle of the road?" He further testified that appellant was intoxicated.

Fred Dunn testified substantially to the same facts as the witness John Wood.

Officer Sullins testified that immediately after the accident appellant told him "I ran over the G-- D--- s-- of a bitching hitch-hiker, and I will do it again," and further testified that appellant was intoxicated. Five other witnesses for the state testified that appellant was drunk.

Witnesses for appellant testified that he was not intoxicated on the morning of the accident and that the windshield of his car was shattered before that day.

Appellant testified that he was 30 years of age and had lived in South Carolina, and had been in Houston seven months; that the windshield of his car was broken before the accident; and that he had some impediment of eyesight and was required to wear glasses in order to drive an automobile, but was not wearing glasses at the time of the accident. Appellant further testified that he was not intoxicated at the time of the accident and, during the morning, he drank one bottle of beer and later drank a second bottle of beer.

Appellant's testimony concerning the accident was:

"When I first saw Mr. Atkinson, he was on the edge of the highway, and it seemed like he had made a step back. * * * When I saw him he was directly in front of my fender. My car would not have hit him if he hadn't moved back."

It was stipulated between the appellant and the state that the striking of Charles Atkinson by appellant's automobile caused injuries from which he then died.

By Bill of Exception No. 1, appellant contends that the court erred in refusing to admit in evidence his drivers license which had noted thereon one restriction, to-wit: "With glasses."

Appellant testified, in part, "I have some impediment of eyesight. * * * Under my driver's license I was required to wear glasses."

The appellant testified fully concerning the condition of his eyes and, since no issue was made thereon, no reversible error is shown.

Two witnesses testified, on direct examination, that appellant's general reputation for being a peaceful and law-abiding citizen was good.

Bill of Exception No. 2 complains of jury argument. It is shown that the prosecutor was questioning the knowledge of appellant's reputation witnesses. In doing so, he stated, "However, the law says also if you haven't heard it questioned it must be good." The prosecutor further said that by applying the above

quoted test the members of the jury might testify that his own reputation was good.

Appellant contends that this argument destroyed the testimony of his reputation witnesses. We do not agree. The reputation witnesses had answered under cross-examination that they were testifying from their own personal knowledge and from a relatively short acquaintance, and the state had a right to question the extent of their knowledge and point out the fact that the witnesses had never heard anyone else discuss appellant's reputation.

By Bill of Exception No. 4 complaint is made of the further argument of the prosecutor concerning the same witnesses as follows: "They don't tell you what his general reputation is."

The evidence reflects that the reputation witnesses testified on cross-examination that their testimony was based on personal knowledge and opinion only.

By Bill of Exception No. 3 appellant further complains of the state's argument comparing a witness' testimony, as to the good reputation of appellant based upon a brief acquaintance and having heard nothing about his reputation, with Dean Acheson testifying for Alger Hiss, upon the ground that it was highly prejudicial and inflammatory, and insists same was error even though the court instructed the jury not to consider any statement about Alger Hiss.

These remarks are of questionable propriety, however, the court having promptly instructed the jury to disregard the same, we conclude that no reversible error is shown.

Appellant timely excepted to the failure of the court to charge the jury that "if the death of deceased was caused by the defective vision of the defendant," he would not be guilty; and further excepted to the failure of the court to charge the jury that "if the deceased's death was a result of a blurred or defective windshield upon defendant's car that defendant should be acquitted."

The conditions presented by one or both of such charges as to appellant's defective vision and the blurred windshield on his car, if found to be true, would not, in themselves, constitute an affirmative defense. If appellant was intoxicated and could

have avoided the collision except for such intoxication, then the fact that his vision was defective or the windshield blurred would not constitute a defense though either or both may have caused the collision and resulting death. In Long v. State, 154 Tex. Cr. R. 587, 229 S.W. 2d 366, we said:

"Having driven his automobile upon the highway while intoxicated, as found by the jury, appellant was bound under the law to drive such car regardless of the conditions of the highway, the car or the weather, in the same prudent manner as though he was entirely sober.

"If the collision resulted from the wet, slippery or icy pavement, the falling or fallen snow, the faulty condition of the windshield wiper, or even by reason of the loss of control under the conditions submitted as appellant's defense, yet, if such collision could have been avoided under those circumstances if appellant had been sober rather than intoxicated, then a causal connection is established between the intoxication and the collision and the resulting death."

By Bill of Exception No. 5, appellant complains of the failure of the court to require the state to elect between the two counts in the indictment—the first charging murder under Art. 802c, V.A.P.C., and the second charging murder with malice aforethought.

There was evidence to support both counts, which charged offenses of the same nature, arising out of the same act, therefore, no error is shown in not requiring the state to elect. Johnson v. State, 153 Tex. Cr. R. 59, 216 S.W. 2d 573.

Appellant timely excepted to the court's charge complaining that after applying the law to the facts from the state's standpoint, the jury was instructed as follows: "If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty of this count in the indictment." Appellant objected upon the ground that this charge was too restrictive and did not sufficiently submit the converse of the matters contained in the application of the law to the facts.

In Moore v. State, 100 Tex. Cr. R. 352, 273 S.W. 588, we said:

"When the court applies the law to the facts and at the conclusion of same properly instructs the jury that, unless they so believe beyond a reasonable doubt, they will acquit the accused,

such paragraph is not open to the exception that it does not present the converse of the matters therein set up."

Appellant reserved several exceptions to the court's charge submitting murder with malice to the jury as charged in the second count in the indictment. The jury having acquitted appellant of malice, no error can be predicated on said exceptions.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant contends that in that portion of our original opinion wherein we discussed Bill of Exception No. 1 we held that the evidence which he proffered, in the form of his driver's license, was not admissible as being cumulative. We disclaim any intention of so holding. We now hold that such evidence was not relevant to any essential issue in the case. The state's evidence was that the appellant, in wanton disregard of the rights of others, while intoxicated ran into the deceased and that his state of intoxication caused the tragedy. The appellant's evidence was that the deceased backed into the path of his automobile, that "my car would not have hit him if he hadn't moved back," that the appellant was not intoxicated, and that the deceased's death was chargeable to deceased and not to him. Both theories were submitted to the jury in the court's charge. We fail to see the relevancy of the condition of the appellant's eyesight under this state of the record.

Appellant contends that the statement of the prosecutor incorporated in Bill of Exception No. 4 constitutes reversible error, because it was outside the record. We do not find here some new and harmful fact injected into the case, nor is any mandatory provision of the statute violated. As we see it, the prosecutor was merely arguing that because of their limited knowledge of the appellant his witnesses were in no position to properly advise the jury as to his reputation.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.