## JAMES E. YARBOROUGH V. STATE

No. 26,841. March 24, 1954.
Rehearing Denied May 5, 1954.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) June 2, 1954.

*E. T. Miller,* Amarillo, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder under Article 802c, V.A.P.C.; the punishment, two years.

Witnesses for the state testified that an automobile driven by the appellant skidded on an icy highway, left the roadway and traveled approximately 200 feet until it struck an automobile parked off the highway, causing the death of one of the occu-

pants. The parked automobile was moved 73 feet from the point of impact as the result of the collision.

A member of the Texas Highway Patrol was on the lookout for the appellant because it had been reported to him that apellant's automobile was being driven in an erratic and dangerous manner, and he testified that when he arrived at the scene of the collision appellant was staggering and smelled heavily of alcohol.

Appellant was carried to the hospital in Amarillo, where a sample of his blood was taken with his written consent, and a test of such sample showed that it contained 2.2 milligrams of alcohol per c.c. of blood, which percentage, according to testimony of the expert witness and standards set by the American Medical Association and the National Safety Council, indicates intoxication.

In appellant's automobile were found what apparently were two empty whiskey bottles and several empty 7-Up bottles.

Appellant, testifying in his own behalf, denied that he was intoxicated and said that he had drunk three bottles of beer shortly before the collision but had drunk no whiskey. Appellant stated that as he passed over a portion of the highway covered with ice and snow his automobile headed for the ditch and he had lost control of it. He stated that he did not remember anything that happened that day after the accident.

The jury resolved the disputed issue of the appellant's intoxication against him, and we find the evidence sufficient to support the conviction.

The sole question presented by appellant's able counsel relates to the court's charge.

On casual connection, the court charged the jury as follows:

"The defendant can not legally be convicted, and should be acquitted, and you should so say in your verdict, unless the evidence shows (among other facts necessary to be proved), and unless you so find and believe, from all the facts and circumstances in evidence, beyond a reasonable doubt:

"(1) That while driving and operating his automobile at the time of the collision in question, if he was then and there so

driving and operating it, he was intoxicated or under the influence of intoxicating liquor, as those terms are hereinabove in this charge defined;

"(2) That the fact that he was, then and there intoxicated or under the influence of intoxicating liquor, was the cause, or contributed as a cause, to said collision, and the death of John Taylor Thompson; and

"(3) That said collision would not have occurred but for such condition of said defendant of being intoxicated or under the influence of intoxicating liquor, if he was then in such condition.

"If you find and believe from the evidence that all, or any one, of the facts required by subdivisions (1), (2) and (3) have not been established by the evidence beyond a reasonable doubt, you should acquit the defendant and say by your verdict not guilty."

Appellant contends that the charge should have told the jury to acquit if the collision was the result of the icy condition of the highway or the result of an unavoidable accident.

We have had such a similar contention before us in several cases recently.

In Pope v. State, 156 Texas Cr. Rep. 597, 245 S.W. 2d 245, we said:

"The trial court in his charge fully protected the rights of appellant with reference to the required causal connection between the alleged intoxication and the collision . . .

"We are constrained to agree that the charge, as given, accorded to appellant his full defensive rights and those that were due him under what is referred to as 'unavoidable accident.'

"It must be remembered that the definition given to the terms, 'proximate cause,' 'contributory negligence,' and 'unavoidable accident,' as known to and applied to civil cases, does not apply to criminal cases.

"In cases such as the instant one, where the trial court requires as a condition precedent to a finding of guilt that the intoxication is the cause of the collision, the rights of the accused are deemed sufficiently presented in the charge."

In Greiner v. State, 157 Texas Cr. Rep. 479, 249 S.W. 2d 601, we said:

"The trial court instructed the jury as to the causal connection between appellant's intoxication and the death of the deceased as follows:

" 'Before you would be authorized to convict the defendant in this case, you must find and believe from the evidence, beyond a reasonable doubt: First, that the defendant, Walter F. Greiner, on the occasion in question was intoxicated, as that term has been defined herein and; second, you must further find and believe from the evidence beyond a reasonable doubt that the intoxicated condition, if any, of the said Walter F. Greiner on the occasion in question caused the death of the deceased, Fritz Strube; and if you have a reasonable doubt as to either of the two above propositions, you will give the defendant the benefit of the doubt and acquit him and say by your verdict 'not guilty.' ''

"Such charge amply presented such issue, and the trial court did not err in overruling appellant's objection and in declining to give other requested charges."

In McKinnon v. State, 159 Texas Cr. Rep. 65, 261 S.W. 2d 335, we said:

"Appellant timely excepted to the failure of the court to charge the jury that 'if the death of deceased was caused by the defective vision of the defendant,' he would not be guilty; and further excepted to the failure of the court to charge the jury that 'if the deceased's death was a result of a blurred or defective windshield upon defendant's car that defendant should be acquitted.'

"The conditions presented by one or both of such charges as to appellant's defective vision and the blurred windshield on his car, if found to be true, would not, in themselves, constitute an affirmative defense. If appellant was intoxicated and could have avoided the collision except for such intoxication, then the fact that his vision was defective or the windshield blurred would not constitute a defense though either or both may have caused the collision and resulting death."

We find that the charge quoted herein amply presents apellant's defense.

Finding no reversible error, the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING

GRAVES, Presiding Judge.

In his motion for rehearing appellant reiterates his contention that the charge of the court quoted in the original opinion was not sufficiently liberal because of the fact that the condition of the highway at the time of the accident in question was the cause of his striking the deceased and causing the injuries which resulted in death.

We refer to these three different paragraphs set forth in the original opinion herein in which it was required that the causal connection between the intoxicated condition of the appellant and the collision should be firmly established in the minds of the jury before they could arrive at a verdict of guilt. We think the original opinion is perfectly clear in this matter. We also cited the cases of Long v. State, 154 Texas Cr. R. 587, 229 S.W. (2d) 366, and McKinnon v. State, 159 Cr. Rep. 65, 261 S.W. (2d) 335. In the McKinnon case, it was claimed that the accused had a defective vision and that the windshield of his automobile was blurred. The accused requested a charge to the effect that if the death of the deceased was caused by the defective vision of the defendant, he would not be guilty, etc. In that case the court said:

"The conditions presented by one or both of such charges as to appellant's defective vision and the blurred windshield on his car, if found to be true, would not, in themselves, constitute an affirmative defense. If appellant was intoxicated and could have avoided the collision except for such intoxication, then the fact that his vision was defective or the windshield blurred would not constitute a defense though either or both may have caused the collision and resulting death."

It is evident from the charges quoted in the original opinion that the court required of the jury to find the causal connection between the intoxication of the appellant and the injury to the deceased, and unless they found such, beyond a reasonable doubt in every instance, they were directed to acquit the appellant.

We think this case has been properly decided in the original opinion, and the motion for rehearing is therefore overruled.