**Ernest V. GOMEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43350.**

Court of Criminal Appeals of Texas.

Dec. 16, 1970.

Rehearing Denied Jan. 20, 1971.

M. N. Garcia, Austin, for appellant.

Bob Smith, Dist. Atty., Lawrence Wells, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This appeal arises from a conviction for possession of heroin where the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life.

Appellant raises questions concerning illegal search and seizure, entrapment and instructions concerning an accomplice witness.

During the afternoon of October 8, 1968, Mary Hernandez went to the Austin Police Department where her person was searched by a female employee and her automobile was searched by the officers. She was then given $5.00 to purchase heroin. Sergeant Luther Jones then concealed himself in the trunk of her Thunderbird automobile. The lid of the trunk had been damaged and could be closed in such a manner as to allow Sergeant Jones to observe events outside of the automobile. Mary Hernandez, followed by Captain Harvey Gann and Sergeant Hersom in a pickup truck, drove to east Austin and parked in the 2600 block of Santa Rosa and walked to a house at 2614 East 4th Street where she encountered the appellant Gomez and a woman standing on the front porch of the house.

Mary Hernandez testified that appellant's companion, Carmen Gasca, asked her if she wanted any "stuff" and when she replied in the affirmative the appellant entered the house and returned with a capsule which he gave to her in exchange for the $5.00 she had gotten from the police. She

returned to her car, drove a short distance, stopped and handed the acquired capsule to Sergeant Jones through the damaged trunk lid.

Captain Gann and Sergeant Hersom were in a position to observe the events that transpired between Mary Henandez and appellant and saw her transfer the capsule to Sergeant Jones. They so testified.

The chain of custody of the capsule was established and the chemist testified that the substance contained therein was heroin.

■ Initially, appellant complains his right of privacy was intruded upon and that the contraband was acquired as a result of an illegal search and seizure. The record clearly reflects that neither appellant's person nor the house in question was ever searched by anyone. The transaction took place in open public view on the front porch of the said house. Under the circumstances presented, the appellant is in no position to complain of the violation of Fourth Amendment rights. Lewis v. United States, 386 U.S. 939, 87 S.Ct. 951, 17 L.Ed.2d 811. Further, we note that when the heroin was offered into evidence there was no objection on the ground of an unreasonable search and seizure.

Appellant also contends he was entrapped.

In Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452, this court stated:

"It is the general rule that where the criminal intent originates in the mind of an accused, the fact that the officers furnish the opportunity for or aid the accused in the commission of a crime constitutes no defense to such a prosecution. However, if the criminal design originates in the mind of the officer and he induces a person to commit a crime which he would not otherwise have committed except for such inducement, such is entrapment, and, in law, may constitute a defense." See also Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763; McKelva v. State, Tex.Cr.App., 453 S.W.

2d 298; Clark v. State, Tex.Cr.App., 398 S.W.2d 763; Vela v. State, Tex.Cr.App., 373 S.W.2d 505; Cooper v. State, 162 Tex.Cr.R. 624, 288 S.W.2d 762.

■ The officers furnished the opportunity for the commission of the offense by the use of the special employee, but it cannot be said the record reflects that criminal design originated in the minds of the officer and that the appellant was induced to commit a crime he would not have otherwise committed. When Mary Hernandez appeared she was asked if she "needed some stuff" and upon her answer appellant immediately secured the heroin. On cross-examination of Mrs. Hernandez it was established that she had previously made numerous purchases of heroin for her own use.

Entrapment was not established as a matter of law or fact.

In Jones v. State, 427 S.W.2d 616, this court wrote:

"It appears to be well established that the factual issue of entrapment is a question for the jury, unless as a matter of law the accused has established beyond a reasonable doubt he was entrapped. See Accardi v. United States (5th Cir.) 257 F.2d 168; Washington v. United States (5th Cir.) 275 F.2d 687; Demos v. United States (5th Cir.) 205 F.2d 596; 17 Baylor Law Review 426, 430. See also Coronado v. United States (5th Cir.) 266 F.2d 719 * * *."

If it be appellant's position that the factual issue of entrapment was established by the evidence we observe that he did not object to the court's failure to submit such issue to the jury nor did he offer a special requested charge. See Articles 36.14 and 36.15, Vernon's Ann.C.C.P.

Lastly, appellant complains of the court's action in refusing to charge that Mary Hernandez was an accomplice witness as a matter of law despite his timely presented objection.

In Alexander v. State, 168 Tex.Cr.R. 288, 325 S.W.2d 139, this court held that an undercover "agent is not an accomplice witness so long as he does not bring about the crime, but merely obtains evidence to be used against those engaged in the traffic." See also Ochoa v. State, supra; Jones v. State, supra; Clark v. State, supra; Vela v. State, supra.

The court did submit to the jury under appropriate instructions the fact issue of whether Mary Hernandez was an accomplice witness as was done in Sutton v. State, supra. Since under the evidence the witness Hernandez was not shown to be an accomplice witness as a matter of law such procedure was proper.

The judgment is affirmed.