George **BURNS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44338.

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Rehearing Denied Nov. 23, 1971.

Harris & Holbrook, Prescott, Metcalf, Greenfield & Peebles, Temple, for appellant.

Stanley Kicar, Dist. Atty., and R. C. (Joe) Mileska, Jr., Asst. Dist. Atty., Belton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is sale of marihuana; the punishment eight (8) years.

Appellant's first three grounds of error relate to the sufficiency of the evidence to sustain the conviction.

One Martin Grischkowski, a student at Central Texas College at Killeen majoring in Law Enforcement, volunteered his help in ferreting out crime among the military to the Criminal Investigation Division stationed at nearby Fort Hood. He was advanced certain marked money to be used in purchasing narcotics from soldiers while they were off duty in the city. He used a portion of this money to purchase marihuana and LSD from the appellant on the night in question. He immediately carried his purchase to the office of the police in Killeen; the CID was notified and they accompanied the police to the point where appellant and one Myers were arrested, and shortly thereafter the marked money was found in the appellant's possession. There is no question of identity as the appellant was well known to the CID of which appellant and Myers were members, as well as to the City of Killeen Police Department. The only possible ground for appellant's complaint as to the sufficiency of the evidence lies in the manner in which the contraband was delivered to the buyer. It is undisputed that the appellant made the contact with the buyer, agreed upon what was to be delivered and accepted the $26.00 in payment thereof and instructed the buyer Grischkowski to leave the cafe where they were seated, and proceed to the end of the block where the contraband would be delivered to him by a man who was carefully described and who developed to be Myers, who was at that time in the same cafe and to whom appellant had spoken privately during the course of the negotiations with Grischkowski. The buyer proceeded to the appointed place where he found Myers, who fit the description, and who surreptitiously delivered the contraband.

All of the above, including the arrest of appellant and Myers, together with the recovery of the marked money, occurred within approximately one hour. We conclude that the evidence is amply sufficient to establish a sale by the appellant and Myers to Grischkowski.

■ Appellant's fourth ground of error is that the Court erred "in failing to charge the jury upon the converse of the offense charged." Assuming without deciding that this raised a ground of error under Art. 40.09, Sec. 9, Vernon's Ann.C.C.P., we observe that in McKinnon v. State, 159 Tex.Cr.R. 65, 261 S.W.2d 335, cited in appellant's brief we quoted from Moore v. State, 100 Tex.Cr.R. 352, 273 S.W. 588, as follows:

"When the court applies the law to the facts and at the conclusion of same properly instructs the jury that, unless they so believe beyond a reasonable doubt, they will acquit the accused, such paragraph is not open to the exception that it does not present the converse of the matters therein set up."

We overrule appellant's fourth ground of error.

■ His fifth ground of error is that the Court erred in failing to charge that the witness Grischkowski was an accomplice witness. This Court has uniformly held that an undercover agent, though a volunteer, is not an accomplice so long as he does not bring about the crime. See Gomez v. State, Tex.Cr.App., 461 S.W.2d 422.

■ He next contends that the Court failed to charge on the defense of entrapment. The witness's testimony did not raise the defense. No error is shown, Aguero v. State, 164 Tex.Cr.R. 265, 298 S.W.2d 822. See also Bridges v. State, Tex.Cr.App., 471 S.W.2d 827 (1971).

Appellant's next ground of error contends that the assistance which the CID and their informant, Grischkowski, rendered the City of Killeen police force in apprehending this appellant, constituted the use of the Army as a posse comitatus contrary to Title 18 U.S.C. § 1385.

It should be noted at first that both the appellant and Myers were soldiers. Grischkowski was not. The Killeen police made the arrest based upon information furnished by Grischkowski. The assistance given by the CID in apprehending the soldiers is not a defense to a violation of the State penal statute.

Finding no reversible error, the judgment is affirmed.

## OPINION

### ON APPELLANT'S MOTION FOR RE-HEARING

DALLY, Commissioner.

The appellant has filed a vigorous motion for rehearing. He insists that the evidence upon which the conviction is based was obtained in violation of Title 18 U.S.C.A. § 1385. That statute provides:

"Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws shall be fined not more than $10,000 or imprisoned not more than two years, or both."

Appellant assumes a violation of that law of the United States, and contends that in view of Art. 38.23, Vernon's Ann.C.C.P., the trial court erred in admitting such testimony, and in not instructing the jury as provided by that statute. Art. 38.23, Vernon's Ann.C.C.P., reads as follows:

"No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

"In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

We find that the appellant's basic assumption that Title 18, U.S.C.A. § 1385, has been shown to be violated is not sound. We find that there was no evidence used in the trial against the appellant which was obtained in violation of Title 18, U.S.C.A. § 1385. We do not find that any part of the Armed Forces was used as a posse comitatus or otherwise to *execute the laws*.

Title 18, U.S.C.A. § 1385, is vague and we find no cases construing its validity on constitutional grounds, but assuming that it is a valid statute, we must then interpret what it means to "execute" the laws. Webster's Third New International Dictionary (1969) definition of "execute" is to "put into effect; carry out fully and completely". Black's Law Dictionary, 5th Edition (1968) definition of "execute" is "to complete; to perform; to follow out; to finish; accomplish; make complete; fulfill."

In this case the witness Grischkowski was not a member of the Armed Services. His services were uncompensated; he was a volunteer; his use of marked money furnished by CID agents makes no material difference. The appellant was a member of the Armed Forces. Even though the CID agents may have been active in the investigation of narcotics traffic and specifically investigating the appellant's activities, we do not believe they are shown to have acted as a posse comitatus or otherwise to execute the laws. The fact that CID agents Bishop and Lair were present when Detective DeLoach and Officer Warmuth of the Killeen Police Depart-

ment arrested the appellant does not show a violation of Title 18, U.S.C.A. § 1385, or even raise a fact issue. Remaining convinced that this case was properly decided on original submission, the appellant's motion for rehearing is overruled.

Opinion approved by the Court.