Delbert Joseph HASTINGS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-81-00885-CR.

Court of Appeals of Texas, Dallas.

Aug. 19, 1982.

Discretionary Review Refused Nov. 3, 1982.

Don Adams, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, ALLEN and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal from a jury conviction for aggravated robbery for which the appellant was sentenced to life imprisonment as a result of prior convictions. Appellant asserts the trial court erred in:

1.) granting judgment when the evidence is insufficient;

2.) failing to include a circumstantial evidence charge;

3.) permitting the state to bolster "eye witness" testimony;

4.) failing to charge the jury that the indictment is not evidence of guilt;

5.) admitting exhibit 8 which contained language concerning an extraneous offense;

6.) admitting exhibit 8 for enhancement purposes because appellant was not represented by counsel at his previous sentencings;

7.) allowing the State to use, for enhancement, a conviction that was not final;

8.) submitting to the jury a charge that was at variance with the indictment;

9.) allowing the State to comment on appellant's failure to testify;

10.) including in the charge a reference to appellant's failure to testify; and

11.) overruling appellant's objection that the charge failed to contain a specific converse instruction.

Because this court finds appellant's contentions are unpersuasive, we affirm.

Shortly after six p.m. on April 22, 1981, appellant entered Beverly Hills Drug Store, pulled out a sawed-off shotgun, and obtained drugs and money from Howard Vincent, the pharmacist. Present at the robbery were Vincent and two store clerks, Donna Frampton and Janice Gollnik. All three witnesses identified appellant in a photo lineup and again at trial.

In the punishment phase the state offered two pen packets showing prior felony convictions. Appellant called Georgette Carless who testified she was the mother of Peter Carless, the attorney who represented the defendant in two prior felony cases.

■ Appellant contends in his first two points that the evidence was insufficient to prove complainant was the owner of the controlled substance and, therefore, a charge of circumstantial evidence was required. The definition of owner in Tex.Penal Code Section 1.07(a)(24) includes one who has a greater right to possession than the criminal actor. *Ex parte Davis*, 542 S.W. 2d 192 (Tex.Cr.App.1976). The evidence is sufficient that the pharmacist had a greater right to possession than appellant. No charge on circumstantial evidence was necessary. Appellant's first two grounds are overruled.

■ Appellant next contends that the arresting officer's testimony constituted bolstering of the office clerk's testimony. The officer only stated that he showed the appellant's photo to the office clerk. He did not testify she identified the appellant. This testimony did not bolster the clerk's earlier testimony that she identified appellant during a photo lineup. Appellant's third ground is overruled.

■ In appellant's fifth ground of error, he contends that an extraneous offense, theft over fifty dollars, is mentioned in exhibit 8 but not proved to be a final conviction. The record in the case does not support this contention. Moreover, State's exhibit seven showed appellant was sentenced under a final conviction for theft over fifty dollars. Appellant's fifth ground is overruled.

■ In his sixth ground, appellant contends that the trial court erred in admitting exhibit 8 for enhancement because he was not represented by counsel when he was sentenced. In fact, appellant's attorney had died between the date of conviction and the date of sentencing. Appellant has the burden to prove that he was indigent and not represented by counsel in his prior conviction. *Ex parte Rains*, 555 S.W.2d 478 (Tex.Cr.App.1977). While he offered proof that the attorney named in the judgment was not alive on the date he was sentenced, appellant did not offer any other proof that he was indigent and without other counsel on that date. He has not met his burden of proof. His sixth ground of error is overruled.

■ In his seventh ground, appellant contends that the State used a non-final conviction for enhancement. Exhibit 7 shows the final conviction of appellant on November 8, 1968. Appellant offered no evidence to show that this was not a final conviction. His seventh ground is overruled.

■ In his eighth ground of error, appellant contends that the trial court judge erred when he defined "deadly weapon" and "owner" in terms broader than in the indictment. The definitions given comported with the statutory definitions and it was not error to give them. *Stewart v. State*, 532 S.W.2d 349 (Tex.Cr.App.1976).

■ In his ninth ground, appellant contends that the trial judge allowed the State to comment on appellant's failure to testify. Appellant contends this occurred in the *voir*

*dire* of the jury and again in closing arguments. In the *voir dire* the prosecutor told the jury panel that if the defendant did testify they should judge his credibility the same as anybody else's. In closing argument the prosecutor told the jury it must confine its deliberation to the evidence from the witness stand and not to speculate what some testimony might have been. At best these remarks are mere indirect allusions on appellant's failure to testify and do not constitute reversible error. *Hall v. State,* 619 S.W.2d 156 (Tex.Cr.App.1980). Appellant's ninth ground is overruled.

■ In his tenth ground, appellant asserts that the trial judge erred in including, over appellant's objection, an instruction on the law applicable to defendant's right to remain silent. It is well settled that the trial judge may instruct the jury on the defendant's right to remain silent. *Rogers v. State,* 486 S.W.2d 786 (Tex.Crim.App. 1972). Appellant's tenth ground is overruled.

■ In his final ground, appellant contends that the trial judge erred in overruling appellant's objection that the charge failed to contain a specific converse instruction. A specific converse instruction is one in which each essential element of the offense is submitted for the jury's consideration with the instruction to acquit if the ' jury does not find that element to be true or has a reasonable doubt about it. The same objection has been made before and rejected. *See Eckert v. State,* 623 S.W.2d 359 (Tex.Cr.App.1981); *Moore v. State,* 100 Tex.Crim. 352, 273 S.W. 588 (1925). The trial court adequately stated the elements of the offense, applied them to the facts as alleged in the indictment, and instructed the jury on the necessity of the State's proving each element beyond a reasonable doubt. Appellant's final ground is overruled.

Affirmed.