**Nelda Iris DAVILA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–315–CR.**

Court of Appeals of Texas,
Corpus Christi.

April 21, 1988.
Rehearing Denied May 19, 1988.

John H. Flinn, Sinton, for appellant.

Thomas L. Bridges, District Attys. Office, Sinton, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Nelda Davila was convicted of unlawful possession of heroin and sentenced by a jury to three years confinement and a $1000 fine. She appeals on the grounds that the evidence was insufficient and that the court erred in failing to submit two requested jury charges. We affirm the judgment of the trial court.

DPS Trooper Loren Ahrens and San Patricio Deputy Sheriff Greg Alan, having received certain information about the car appellant was driving and which was registered to her passenger, Linda Villa, patrolled a portion of U.S. 181 between the cities of Portland and Gregory, Texas, in search of the car at around 6:00 p.m., January 3, 1987. Alan was the first to make contact with the car, which was traveling toward a point along the highway where Ahrens was waiting. Ahrens testified that at about the time appellant's car passed him, he noticed that Alan activated his emergency lights to signal the car to stop. Ahrens then gave chase behind Alan. The car pulled onto the shoulder, but continued to travel for some 150 feet before stopping, which in Ahren's opinion was unusual because "[i]t took too long to stop." At the time the car was traveling on the shoulder, Ahrens noticed Villa dumping a white powder, later identified as heroin, out the passenger side window and then throwing a baggie out. In the meantime, Alan had pulled ahead of the car and onto the shoulder to force it to stop.

Alan's testimony substantially confirmed that of Ahrens. However, Alan testified that the car traveled between 300 and 400 feet at around twenty miles an hour along the shoulder of the road.

Appellant herself testified that she had continued along the shoulder of the road for some distance because she thought that Alan was not going to stop her after he

pulled onto the road again and began to pass her car. Appellant claimed that she was paying attention to the road at the time and did not see Villa dumping the heroin, nor was she even aware that Villa possessed the heroin.

After Alan pulled in front of the car and forced it to stop, he and Ahrens arrested the appellant and Villa, and recovered the baggie which had been thrown from the car and contained some white powder. Lab tests later showed the powder to be heroin. They also found white powder on the passenger side door of the car, drug paraphernalia (roach clips and a syringe) in the glove compartment, and an automatic handgun under the front seat on the passenger side.

Kathy Parnell, a corrections officer with the San Patricio County Sheriff's Office, testified that on the day of the arrest she booked and strip searched appellant. During the strip search, Parnell found fresh needle marks on appellant's arm which Parnell believed to be less than three days old. In addition, Millie Delgado, matron at San Patricio County Jail, testified that the appellant had complained to her at around 4:00 a.m. the next morning, January 4, 1987, that she wasn't feeling well and that she was "coming down on heroin." Delgado testified that Villa also had narcotics withdrawal symptoms that night.

■ In her first point of error, appellant challenges the sufficiency of the evidence to show her possession of the heroin thrown from Villa's car.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984). In addition, because the present conviction is based on circumstantial evidence of possession, it cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of appellant's guilt. *Humason v. State*, 728 S.W. 2d 363, 366 (Tex.Crim.App.1987); *Moore v.*

*State*, 640 S.W.2d 300, 302 (Tex.Crim.App. 1982).

The evidence shows that both appellant and Villa were in the car immediately prior to Villa's disposal of the heroin. Mere presence of appellant at the scene of the offense, however, does not make her a party to joint possession. There must be additional evidence to show an "affirmative link" between appellant and the heroin to establish that she both knew what the substance was and exercised care, control, and management over it. *Cude v. State*, 716 S.W.2d 46, 47 (Tex.Crim.App.1986); *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim.App.1985).

The affirmative links in the present case which tie appellant to the heroin are: her furtive gesture of failing timely to stop the car on the shoulder of the road; and evidence of her recent use of heroin. We hold that these circumstances sufficiently link appellant to the heroin.

Furtive gestures are an affirmative link between the accused and drugs he attempts to hide or dispose of. *See Reyes v. State*, 575 S.W.2d 38, 40 (Tex.Crim.App. 1979). In the present case, appellant's hesitation in stopping the car clearly facilitated Villa's disposal of the heroin. By helping to dispose of the heroin in this manner, appellant demonstrated that she both knew what the substance was and exercised care, control and management over it jointly with Villa.

Evidence shortly after the arrest of appellant's recent use of heroin is also an affirmative link between the appellant and the heroin found at the scene of the arrest. *See Orosco v. State*, 164 Tex.Cr.R. 257, 298 S.W.2d 134, 136 (1957); *Durham v. State*, 701 S.W.2d 951, 956 (Tex.App.—Fort Worth 1986, pet. ref'd); *O'Mara v. State*, 669 S.W. 2d 405, 408 (Tex.App.—San Antonio 1984, no pet.).

These circumstances establish a sufficient affirmative link between the appellant and the heroin thrown from the car on the evening in question. Appellant's first point of error is overruled.

In her second point of error, appellant complains that the trial court erred in refusing her third requested jury charge. This charge defined "possession" and instructed the jury to find appellant not guilty if they had a reasonable doubt whether she voluntarily possessed or knowingly controlled the heroin found at the scene. The court's charge defined "possession" and instructed the jury to find appellant guilty if they believed that she knowingly and intentionally possessed the heroin, but to find her not guilty if they had a reasonable doubt thereof. Appellant's complaint appears to be that the court erred in not applying the facts of the case to the converse charge which instructed the jury when it should find appellant not guilty. In *Moore v. State*, 100 Tex.Cr.R. 352, 273 S.W. 588 (1925), the Texas Court of Criminal Appeals held that:

> When the court applies the law to the facts and at the conclusion of same properly instructs the jury that, unless they so believe beyond a reasonable doubt, they will acquit the accused, such paragraph is not open to the exception that it does not present the converse of the matters therein set up.

*See also Burns v. State*, 473 S.W.2d 19 (Tex.Crim.App.1971); *Hastings v. State*, 641 S.W.2d 332 (Tex.App.—Dallas 1982, pet. ref'd). We hold that the court's charge adequately protected appellant, and overrule her second point of error.

In her third point of error, appellant complains that the trial court erred in refusing her tenth requested jury charge. This charge instructed the jury that the evidence must "affirmatively link" the appellant to the heroin. Appellant argues that, since this is the appellate standard in reviewing sufficiency in cases where possession is shown only by circumstantial evidence, the jury should be governed by, and instructed on, that same standard. We decline to hold that such an instruction is necessary.

The Texas Court of Criminal Appeals recently reviewed and rejected the long-standing requirement that the jury be charged on circumstantial evidence in cases where the State relied solely on such evidence to prove guilt. *Hankins v. State*, 646 S.W.2d 191 (Tex.Crim.App.1981). Formerly, the accused was entitled to an instruction explaining the special standard of proof in sufficiency cases requiring no *outstanding reasonable hypothesis* beyond a reasonable doubt. However, the Court in *Hankins* reasoned that:

> there is but one standard of proof for criminal convictions and where the jury is properly instructed on that standard, a charge on circumstantial evidence is valueless and invites confusion.... Rather than aiding jurors in applying the reasonable doubt standard, an additional charge on circumstantial evidence focusing on the "reasonable hypothesis" theory serves only to distract jurors from examining the proper standard of proof as the primary focus of their deliberations.

*Hankins*, 646 S.W.2d at 199. *See also DeLuna v. State*, 711 S.W.2d 44, 46 (Tex. Crim.App.1986). *Affirmative links*, like the *reasonable hypothesis* theory, is a technical legal standard of review which is not meant for use by the jury and would only lead to confusion and distraction. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.