Joy Mfg v. Hammer 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-143-CV

Â Â Â Â Â Â Â Â JOY MANUFACTURING CO.,
Â Â Â Â Â Â Â Â LARKIN DIVISION,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â RONNY G. HAMMER, ET UX,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

 From the 40th District Court
Ellis County, Texas
Trial Court # 38,558
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Â Â Â Â Joy Manufacturing Company appealed from an adverse judgment, signed on April 2, 1991. 
Because a motion to reconsider and reform the judgment was filed, the statement of facts and
transcript were due on July 31, 1991. See Tex. R. App. P. 54(a). The transcript was filed on July
25, 1991.
Â Â Â Â Â Â Â Â Â Â A motion to extend the time for filing the statement of facts was filed on August 14, 1991,
which we granted to extend the time for filing until October 29, 1991. No statement of facts was
filed within the time prescribed, and no motion to extend the time for filing was filed within fifteen
days thereafter. See Tex. R. App. P. 54(c). An untimely motion to extend the time to file the
statement of facts was filed on November 25, 1991. See id.
Â Â Â Â Â Â Â Â Â Â It is the duty of Appellant to cause the statement of facts to be filed with the clerk of this
court. See Tex. R. App. P. 53(k). The second motion to extend time to file the statement of facts
is denied.
Â Â Â Â Â Â Â Â Â Â The judgment is affirmed. See Tex. R. App. P.54(a).

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed December 18, 1991
Do not publish



oss-examination, Sikes testified that he could not recall how many baggies of
methamphetamine were in the canister.  He testified that he had the canister in
his hand as he was approaching WestbrookÂs pickup and dropped it when he saw
Willis approaching him.

Â Â Â Â Â Â Â Â Â  Sikes also testified on
cross-examination that he had the canister in his pocket when he went to a
neighborÂs house to get some water for WestbrookÂafter Westbrook was arrested.Â 
He stated that he gave Westbrook the glass of water while he still had the
canister in his pocket, then walked to the rear of the pickup and dropped it.

Affirmative Links

Â Â Â Â Â Â Â Â Â  Westbrook contends in his sole issue
that the evidence is factually insufficient to prove that he possessed the
canister recovered from the rear of his pickup because the State failed to
offer sufficient Âaffirmative linksÂ to connect him to the canister.

Â Â Â Â Â Â Â Â Â  The evidence can be factually
insufficient if the evidence supporting the verdict is Âtoo weak to support the
finding of guiltÂ or if the contrary evidence is so strong Âthat the
beyond-a-reasonable-doubt standard could not have been met.ÂÂ  See Zuniga v.
State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004).

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ÂAffirmative linksÂ is a
shorthand expression to identify what must be proven in a prosecution for the
possession of illegal drugs.Â  Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim.
App. 1995).Â  An accused must not only have exercised actual care, control, or
custody of the substance, but must also have been conscious of [his] connection
with it and have known what it was.Â  Evidence which affirmatively links [him]
to it suffices for proof that [he] possessed it knowingly.Â  Id. Â This
evidence may be direct or circumstantial. Â Id. Â In either case it must
establish, to the requisite level of confidence, that the accusedÂs connection
with the drug was more than just fortuitous.Â  Id. Â This is the whole of
the so-called Âaffirmative linksÂ rule. Â Id. Â It is still, just as it
always was, only a shorthand expression of what must be proven to establish
that a person possessed some kind of drug Âknowingly or intentionally.Â Â Id.

Â 

Hunter v. State, 92 S.W.3d 596, 600 (Tex. App.ÂWaco 2002, pet.
refÂd).

Â Â Â Â Â Â Â Â Â  Here, the evidence shows that Westbrook
paused at the rear of his pickup in the location where Willis found the
canister moments later.Â  Westbrook had two marihuana cigarettes in his
possession when arrested, and he was uncharacteristically nervous.Â  Westbrook
also made a series of furtive gestures,[5]
testified to by Willis and corroborated by the video, which Willis interpreted
as an indication that Sikes should walk to the back of the pickup because
Willis Âfigured Mr. Westbrook had dropped somethingÂ there. Â We cannot say that
this evidence is Âtoo weak to support the finding of guilt.ÂÂ  See Zuniga,
144 S.W.3d at 484; cf. Denbow v. State, 837 S.W.2d 235, 236-39 (Tex. App.ÂDallas 1992, pet. refÂd) (insufficient affirmative links to connect defendant to
pill bottle containing methamphetamine found in parking lot near his
possessions because defendant did not have exclusive access to lot and evidence
did not exclude other reasonable hypotheses).[6]

Â Â Â Â Â Â Â Â Â  Sikes provided the lone controverting
evidence with his testimony that he placed the methamphetamine at the rear of
WestbrookÂs pickup.[7]Â 
During cross-examination however, the State exposed numerous flaws and
inconsistencies in SikesÂs version of the events.Â  Thus, the jury had to choose
to believe either Sikes or Deputy Willis.

Â Â Â Â Â Â Â Â Â  Thus, the controverting evidence
rested on credibility.Â  The jury is the ultimate fact finder on issues of
credibility, and by its verdict, the jury chose to believe Willis.Â  See
Parker v. State, 119 S.W.3d 350, 355 (Tex. App.ÂWaco 2003, pet. refÂd).Â  We
must defer to the jury in its resolution of such issues.Â  Id.Â  Accordingly,
we cannot say that the controverting evidence is so strong Âthat the
beyond-a-reasonable-doubt standard could not have been met.ÂÂ  See Zuniga,
144 S.W.3d at 485.

Therefore, we overrule WestbrookÂs sole issue
and affirm the judgment.

Â 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed October 26, 2005

Do not publish

[CR25]









[1]
Â Â Â Â Â Â Â Â Â  See Tex. Transp. Code Ann. Â§ 547.613 (Vernon Supp. 2004Â2005).

Â 





[2]
Â Â Â Â Â Â Â Â Â  When Westbrook saw WillisÂs
marked vehicle approaching from the front, Westbrook stopped and began backing
up.Â  Thus, Willis was parked in front of WestbrookÂs pickup when he stopped
Westbrook.

Â 





[3]
Â Â Â Â Â Â Â Â Â  Id. Â§ 601.053 (Vernon 1999).





[4]
Â Â Â Â Â Â Â Â Â  WillisÂs frame of reference for
WestbrookÂs nervousness was WillisÂs prior Âcontacts with him.Â





[5]
Â Â Â Â Â Â Â Â Â  In this context, furtive
gestures have been defined as Âan affirmative link between the accused and
drugs he attempts to hide or dispose of.ÂÂ  Davila v. State, 749 S.W.2d 611,
613 (Tex. App.ÂCorpus Christi 1988, pet. refÂd) (citing Reyes v. State,
575 S.W.2d 38, 40 (Tex. Crim. App. [Panel Op.] 1979)).





[6]
Â Â Â Â Â Â Â Â Â  Denbow is distinguishable
for several reasons: (1) it employed the former Âreasonable hypothesis
analytical constructÂ which the Court of Criminal Appeals has since rejected;
(2) the officer had not seen the area before the defendant stopped there and
could not say whether the pill bottle was there before they arrived; (3) the
defendant did not have any narcotics in his possession; (4) the record did not
indicate whether others were present at the time; and (5) there is no mention
that the defendant made any furtive gestures in connection with the pill
bottle.Â  See Denbow v. State, 837 S.W.2d 235, 238-39 (Tex. App.ÂDallas 1992, pet. refÂd).

Â 





[7]
Â Â Â Â Â Â Â Â Â  Westbrook also makes reference
to the fact that Willis did not see him drop the plastic canister and that no
fingerprints were looked for on the canister.Â  However, these facts relate only
to the strength of the StateÂs case, and the absence of direct
eyewitness testimony from Willis or fingerprint evidence does not equate to the
existence of controverting evidence.