Thomas v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-542-CR





ANTHONY JESSE THOMAS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 914,530, HONORABLE JON N. WISSER, JUDGE PRESIDING



 




 Anthony Jesse Thomas was convicted of murder and was sentenced to eighty years
in the Texas Department of Criminal Justice, Institutional Division. In three points of error,
appellant challenges the conviction on grounds that the trial court erred in (1) denying his request
to strike a venire person for cause, (2) failing to grant his specially-requested jury instruction, and
(3) failing to instruct the jury that their finding of guilt had to be unanimous as to the manner and
means of the commission of the offense. We will overrule appellant's points of error and affirm
the conviction.



DISCUSSION


 In his first point of error, appellant contends that the court committed reversible
error in failing to grant his request for an additional peremptory strike so that he could remove
venire person number 26, Kathleen Ritts, from the jury list. The record reflects that during voir dire examination, appellant challenged two venire persons for cause. After the trial court satisfied
itself that the defendant would not be prejudiced by either venire person, it denied both of
defendant's challenges for cause. After each denial by the trial court, appellant made a timely
objection. 

 At the conclusion of voir dire examination, appellant had exhausted all of his
peremptory strikes and requested that he be given an additional strike. Appellant claimed that he
was unable to strike Ms. Ritts because he did not have sufficient peremptory strikes to remove her
from the jury list after being denied his challenge for cause against her; however, the state had
already stricken Ms. Ritts from the list. Nevertheless, appellant continued to urge that he be
given an additional strike to remove yet another venire person. When asked which person he
would challenge, appellant replied, "I haven't agreed to strike yet, your Honor. I'm not sure
which one we'll use it on." At that point, the trial court denied appellant's request. 

 A defendant cannot complain of the trial court's action in overruling his challenge
for cause unless he shows (1) exhaustion of his peremptory strikes; (2) denial of a request for
additional peremptory strikes; and (3) the seating of a juror upon whom the defendant would have
exercised a peremptory strike. Bell v. State, 724 S.W.2d 780, 795 (Tex. Crim. App. 1986). We
hold that the trial court properly denied appellant's request for an additional strike because there
is nothing in the record to indicate that he was forced to take an objectionable juror after
exhausting his peremptory strikes. Point of error number one is overruled.

 In his second point of error, appellant complains that the trial court erred in failing
to grant his specially-requested charge relating to his guilt or innocence. Appellant claims that,
according to McKinnon v. State, 261 S.W.2d 335 (Tex. Crim. App. 1953), following each part
of the charge authorizing a conviction, the trial court must instruct the jury that if they have a
reasonable doubt as to whether they believe the elements of the offense have been proved, the
doubt should be resolved in favor of the accused by entering an acquittal. 

 Here, the court's charge included instructions on murder, voluntary manslaughter,
and aggravated assault. The jury was instructed to return a verdict of guilty if they believed the
defendant was guilty of the offense, but if they did not believe him guilty or if there was
reasonable doubt thereof, they were to acquit him and find him not guilty and proceed to consider
whether he was guilty of the following lesser offense. In the final lesser offense paragraph, the
jury was instructed to find the defendant not guilty and acquit him if they did not believe he was
guilty of, or if there was reasonable doubt that he was guilty of, aggravated assault. The charge
also included an instruction on self-defense, stating that if the jury believed it was immediately
necessary for appellant to protect himself from his standpoint, they were to acquit him. However,
appellant insists that the court's charge failed to properly instruct the jury as to his guilt or
innocence and that the following requested instruction should have been granted:



If you should find from the evidence beyond a reasonable doubt that the defendant
is either guilty of some degree of homicide, that is, murder or voluntary
manslaughter on the one hand, or of aggravated assault on the other hand, but you
have a reasonable doubt as to which of said offenses the defendant is guilty, then
you should resolve that doubt in defendant's favor and find him guilty of
aggravated assault only.



 Appellant further relies on Boyett v. State, 692 S.W.2d 512 (Tex. Crim. App.
1985), to support his claim that the trial court's failure to grant his requested instruction
introduced error. In Boyett, the appellant complained that the trial court's instruction amounted
to an instruction to convict the defendant because there was no language directing the jury to
acquit the defendant of the greater offense or of any offense charged if there was reasonable doubt
as to his guilt. Id. at 515 (emphasis added). Under those circumstances, the Boyett court stated
that the instruction might require reversal; however, because the defendant had not preserved
error, the court applied a fundamental error standard of review and held the charge to be
adequate. Id. at 515-16. The charge in this case is distinguishable from the charge in Boyett
inasmuch as the trial court did instruct the jury to find the appellant not guilty of the greater
offense before considering the lesser one. 

 While the charge given by the trial court did not expressly advise the jury to give
appellant the benefit of the doubt, the charge made it clear that the jury was to resolve any doubt
in favor of appellant by acquitting him of the greater offense and convicting him of the lesser one. 
Under these circumstances, no further instruction on the benefit of the doubt was required. 
Benavides v. State, 763 S.W.2d 587, 589 (Tex. App.--Corpus Christi 1988, pet. ref'd); Shelby v.
State, 724 S.W.2d 138 (Tex. App.--Dallas 1987), vacated on other grounds, 761 S.W.2d 5 (Tex.
Crim. App. 1988). 

 We further believe that if there was error, it was not calculated to injure appellant's
rights. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). The State never
discussed the court's charge or any offense except murder. Moreover, in all likelihood, the jury
would never have reached the final paragraph appellant requested be included since they found
him guilty of the first offense contained in the charge. Therefore, it is reasonable to presume that
if error was introduced, it did not in any way prejudice the jury's decision-making. Point of error
number two is overruled.

 In appellant's third point of error, he contends that he has suffered egregious harm
as a result of the trial court's failure to instruct the jury that their finding of guilt had to be
unanimous as to the manner and means of the offense. The grand jury indictment included two
separate paragraphs phrased in the conjunctive charging appellant with murder. One paragraph
charged appellant with intentional murder and the other paragraph charged appellant with murder
by committing an act clearly dangerous to human life with intent to cause serious bodily injury. 
Both paragraphs alleged that appellant committed murder by means of stabbing the victim with
scissors. Appellant insists that there is no way to know under which theory he was convicted; 
some jurors may have found him guilty of intentional murder, while others may have found him
guilty of murder by intending to cause serious bodily harm.

 Appellant correctly notes that the Texas Constitution requires a unanimous verdict. 
Tex. Const. art. V, § 13. However, in the interest of the efficient administration of justice, the
return of a general verdict is appropriate where the evidence is sufficient to support a finding
under either of the theories submitted. Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App.
1991). The record before us reflects that the offenses charged were of the same nature, arising
out of the same act. 

 Absent a proper objection, a judgment will not be reversed unless the defendant
claims that an error appearing on the record is calculated to injure his rights or that the defendant
did not receive a fair and impartial trial. Almanza, 686 S.W.2d at 171; Tex. Code Crim. Proc.
Ann. art. 36.19 (West 1981 & Supp. 1992). Moreover, an appellate court will not reverse a
judgment if it determines beyond a reasonable doubt that the error made no contribution to the
conviction or to the punishment. Tex. R. App. P. 81(b)(2). Based on the record before us, we
do not agree with appellant's claim that the court's failure to instruct the jury regarding a
unanimous verdict caused him egregious harm. There is sufficient evidence to support the jury's
verdict under either theory of the offense beyond a reasonable doubt. Therefore, we hold that the
trial court's failure to instruct the jury as to its duty to return a unanimous verdict made no
contribution to appellant's conviction or to his punishment. Point of error number three is
overruled.

 Appellant's appointed appellate counsel filed his brief on August 21, 1992; the State
filed its brief on September 15, 1992; and the case was submitted to the court for decision on
October 15, 1992. On November 2, 1992, after our opinion had been substantially drafted, but
before its release, appellant filed a motion to dismiss his appellate counsel and to proceed pro se. 
We conclude that appellant did not timely assert his right of self-representation. See Webb v.
State, 533 S.W.2d 780, 786 (Tex. Crim. App. 1976). The right of self-representation is not a
license to upset the orderly administration of justice after a case has been submitted to the court
for decision. Id. Accordingly, we have reviewed the brief filed by appointed counsel on
appellant's behalf and decline to grant appellant's pro se motion to dismiss appellate counsel.



CONCLUSION


 We hold that the trial court did not commit reversible error. The judgment is
affirmed.



 

 Bea Ann Smith, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: December 9, 1992

[Do Not Publish]