In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-020 CR


____________________



MOSE GADDISON, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Court Cause No. B-000,455-R






O P I N I O N



 A jury convicted Mose Gaddison, Jr. of felony possession of marihuana and
assessed a punishment of seven years confinement and a $1,000 fine. See Tex. Health
& Safety Code Ann. § 481.121(a)(4) (Vernon Supp. 2003). Gaddison claims the
evidence was insufficient to support the conviction and his trial counsel was ineffective. 

 Gaddison first argues the evidence is legally insufficient to establish he was the one
who possessed the marihuana; there were two people in the car. In a legal sufficiency
review, this court looks at all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781,
61 L.Ed.2d 560 (1979). 

 To prove drug possession, the State must show (1) a defendant exercised care,
custody, control, or management over the drugs, and (2) he knew he possessed a
controlled substance. See Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
An illegal drug can be jointly possessed with others. See Martin v. State, 753 S.W.2d
384, 387 (Tex. Crim. App. 1988). But mere presence at the scene does not establish
possession; there must be evidence that affirmatively links the accused to the contraband
and shows he had knowledge of and control over it. Id. Although the evidence used to
satisfy these elements may be direct or circumstantial, the State must establish that the
accused's connection with the marihuana was more than just fortuitous. Brown, 911
S.W.2d at 747. Affirmative links are established by the totality of the circumstances. See
Hyett v. State, 58 S.W.3d 826, 830-31 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd).

 In determining whether the evidence is sufficient to affirmatively link the accused
with the controlled substance, certain nonexclusive factors may be considered:

 1. The contraband was in plain view; 


 2. The accused was the owner of the premises or had the right to possess
the place where the contraband was found, or the owner or driver of
the automobile in which the contraband was found;


 3. The accused was found with a large amount of cash;


 4. The contraband was conveniently accessible to the accused, or found
on the same side of the vehicle as the accused was sitting;


 5. The contraband was found in close proximity to the accused;


 6. A strong residual odor of the contraband was present;


 7. The accused possessed other contraband when arrested;


 8. Paraphernalia to use the contraband was in view, or found on the
accused;


 9. The physical condition of the accused indicated recent consumption
of the contraband in question;


 10. Conduct by the accused indicated a consciousness of guilt; 


 11. The accused attempted to flee;


 12. The accused made furtive gestures;


 13. The accused had a special connection to the contraband;


 14. The occupants of the premises gave conflicting statements about
relevant matters;


 15. The accused made incriminating statements connecting himself to the
contraband;


 16. The quantity of the contraband was significant; and



 The accused was observed in a suspicious area under suspicious
circumstances.


 

See, e.g., Jenkins v. State, 76 S.W.3d 709, 712-13 (Tex. App.--Corpus Christi 2002, pet
ref'd) (footnotes omitted). The number of the factors is not as important as the logical
force the factors have in establishing the elements of the offense. Jones v. State, 963
S.W.2d 826, 830 (Tex. App.--Texarkana 1998, pet. ref'd).

 Officer Jacobs stopped the vehicle for reckless driving. At the officer's request,
Mose Gaddison, the driver, exited the car. The officer found Gaddison to be nervous:
Gaddison "was kind of having a difficult time looking at me. His hands were shaking. 
There was a little quiver in his voice -- kind of wiping sweat from his palms." "He would
look at me and look at my overall body and what appeared to be looking at my duty
weapon and then back at me and look at his surroundings." Jacobs indicated he called for 
assistance because of Gaddison's "nervous demeanor."

 Officer Joel Stinnett responded to the call. He likewise testified to Gaddison's
nervousness. Gaddison "wouldn't be still. He was just moving around. I [Officer
Stinnett] noticed several times . . . he looked down at my gun. He would look up and look
around. In my mind, I didn't know if he was thinking about fighting or thinking about
running, which kind of made me nervous there." Some degree of nervousness is normal
during a traffic stop. Jenkins, 76 S.W.3d at 714. But, based on the officers' description
here, the jury could have interpreted Gaddison's nervousness as being out of the ordinary.

 The officers inquired about the purpose and destination of the trip. Gaddison said
he and Donald Frank, the passenger and owner of the car, had been in Houston to look for
Gaddison's partner. Gaddison said they were unable to locate the partner and turned
around and came right back. Gaddison indicated Frank accompanied him to Houston. In
contrast, Frank stated he and Gaddison were traveling from Beaumont and had not been
anywhere else. The stories were inconsistent. 

 Both officers testified that when they walked up to the driver's side of the vehicle,
they detected the odor of marihuana wafting through the car's open window. They asked
for and received permission from both Gaddison and Frank to search the car. The officers
found nothing suspicious in the car's interior. They then searched the trunk, found the
5.68 pound bag of marihuana underneath the spare tire cover, and arrested both men. 

 In considering the links listed above, we note that the marihuana was not found in
plain view, there was no marihuana on Gaddison's person, and nothing suspicious was
found inside the car. There is no evidence of his fingerprints on the bag of contraband. 

 Other evidence, however, has sufficient logical force to affirmatively link Gaddison
to the contraband. As the driver, Gaddison had the keys to the vehicle, access to the
trunk, and exercised control over the vehicle. Gaddison was nervous: he could not stand
still, his voice quivered, his hands were shaking, he was wiping sweat from his palms, and
he stared at the officers' guns. The odor of marihuana emanated from inside the car, and
the men told inconsistent stories about their trip. Gaddison's conduct indicated a
consciousness of guilt. The evidence links Gaddison to the marihuana in such a manner
and to such an extent that a reasonable inference may arise that the accused knew of the
contraband's existence and that he exercised actual care, control, or custody of it. Brown,
911 S.W.2d at 747. Viewing the factors in a light most favorable to the verdict, we
conclude the evidence was legally sufficient to support the conviction. 

 In issue two, Gaddison contends his trial counsel was ineffective. To prevail on an
ineffective assistance of counsel claim, Gaddison must establish that his attorney's
performance fell below the objective standard of reasonableness and that there is a
"reasonable probability" the result would have been different but for the attorney's
deficient performance. Mallett v. State, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001)
(quoting Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984)).

 Gaddison says his trial counsel called no witnesses at trial and must not have
investigated the case. A defendant may base a claim of ineffectiveness on an attorney's
failure to present witnesses only if the defendant can show that the witnesses were available
and their testimony would have benefitted the defendant. See Mares v. State, 52 S.W.3d
886, 892 (Tex. App.--San Antonio 2001, pet. ref'd). Appellant did not file a motion for 
new trial; there is no evidence otherwise in the record indicating the witnesses he would
have called, their availability, and their benefit to the defendant. The record must
affirmatively demonstrate the alleged ineffectiveness. See Dewberry v. State, 4 S.W.3d
735, 757 (Tex. Crim. App. 1999). Here, the record does not.

 The record does not support appellant's claim of trial counsel's lack of investigation
of the case; as noted above, no motion for new trial was filed. Trial counsel filed
numerous pre-trial motions, ably conducted voir dire, cross-examined the State's
witnesses, and argued to the jury that the evidence did not show Gaddison was the one who
possessed the marihuana. Based on the record before us, "[w]e cannot . . . assume that
because a record is silent as to the depth of an attorney's investigation . . . he made no
investigation." Lockett v. State, 874 S.W.2d 810, 817 (Tex. App.--Dallas 1994, pet.
ref'd)(quoting Hernandez v. State, 726 S.W.2d 53, 59 (Tex. Crim. App. 1986)). 

 Gaddison says trial counsel should have requested an "affirmative links" instruction
in the jury charge. We know of no requirement that the trial court instruct the jury on
"affirmative links," and appellant cites us to none. See Gilbert v. State, 874 S.W.2d 290,
297 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd) (The trial court properly refused the
requested "affirmative links" charge); see also Davila v. State, 749 S.W.2d 611, 614
(Tex. App.--Corpus Christi 1988, pet. ref'd) (The affirmative links construct is a technical
legal standard of review that is not meant for use by jury and would only lead to
"confusion and distraction."). The jury charge tracked the statutory elements of the
offense of possession and the statutory definition of "possession." See Tex. Health &
Safety Code Ann. §§ 481.002(38), 481.121(a) (Vernon Supp. 2003). There was no
error in failing to request an affirmative links instruction and, thus, no ineffective
assistance of counsel. Appellant's issue two is overruled. The conviction is affirmed.


 AFFIRMED. 


 PER CURIAM


Submitted on April 21, 2003

Opinion Delivered April 30, 2003

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.