NO. 07-06-0326-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 25, 2008
_____

JOHNNY E. MARTINEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409683; HON. BRADLEY S. UNDERWOOD, PRESIDING
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Johnny E. Martinez appeals his jury conviction of the offense of possession of methamphetamine in an amount of less than one gram,[1] and his resulting sentence of twenty years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Via two issues, appellant challenges the sufficiency of the evidence to support his conviction and asserts the trial court erred by failing to properly

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 2003). This offense is a state jail felony. However, appellant's two prior felony convictions raise it to a second degree felony. Tex. Penal Code Ann. § 12.42(a)(2) (Vernon 2007).

instruct the jury. Finding the evidence sufficient and no error in the court's jury instructions, we affirm.

Background

The State's case was presented through the testimony of the assistant manager of a Lubbock motel, a Lubbock police officer and the State's chemist. Appellant presented his case through cross-examination of the State's witnesses.[2]

The assistant manager testified that on the day of appellant's arrest he went to one of the motel's rooms because its occupants had not checked out at the normal noon check-out time. On his inquiry, the occupants, a male and a female, told him they were going to pay for another night. When no payment had been made by 2:00 p.m., police were called.

The police officer testified he responded to the call, went to the room and spoke with the male occupant, later identified as appellant. Appellant first gave the officer a false name but on further questioning provided accurate identification. The officer arrested appellant for his failure to identify himself.[3] While he was being escorted to the patrol car, appellant asked the officer to get his $21 from the bed in the motel room. The officer found the money underneath a pillow on one of the room's beds. He also found, lying next to the money, a plastic bag containing a substance appearing to be methamphetamine. The

---

[2] Appellant did not testify during the guilt-innocence phase at trial but did testify during punishment.

[3] *See* Tex. Penal Code Ann. § 38.02 (Vernon 2003).

State's chemist confirmed the substance contained methamphetamine and had a net weight of 0.05 grams.

The officer's later search of the room produced a straw and two glass pipes, as well as men's clothing, hygiene products, and a game system. He did not locate any items that appeared to belong to a female. At appellant's request, the officer gave all of appellant's personal belongings, with the exception of the narcotics, to another individual. Appellant was then arrested for possession of a controlled substance in addition to his failure to identify offense.

The defense cross-examined each of the State's witnesses, highlighting the facts that appellant was not in the room when the methamphetamine was found by the police officer, the drugs were not found in plain view, and, when found, the drugs were not accessible to him. Appellant elicited testimony indicating the hygiene products found in the motel room were consistent with products used by both males and females. The defense also emphasized the fact that the woman in the room with appellant was also charged with possession of a controlled substance.

At the close of the evidence, the jury found appellant guilty as alleged in the indictment. After preparation of a pre-sentencing report, the court considered punishment evidence and assessed punishment at twenty years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

Analysis

*Legal and Factual Sufficiency*

In his first issue, appellant argues that the evidence was legally and factually insufficient to prove that he actually possessed the methamphetamine for which he was charged. In reviewing issues of legal sufficiency, an appellate court views the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inference therefrom, a rational jury could have found each element of the offense beyond a reasonable doubt. *Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); *Conner v. State,* 67 S.W.3d 192, 197 (Tex.Crim.App. 2001), *citing Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). If, given all of the evidence, a rational jury would necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal. *Swearingen,* 101 S.W.3d at 95, *citing Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to do so. *Hooper v. State,* 214 S.W.3d 9 (Tex.Crim.App. 2007), *citing Guevara v. State,* 152 S.W.3d 45, 49 (Tex.Crim.App. 2004).

A factual sufficiency review of the evidence is "barely distinguishable" from the legal sufficiency review under *Jackson v. Virginia*. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006). A factual sufficiency review considers whether the evidence supporting guilt, though legally sufficient, is so weak that the jury's verdict seems clearly

4

wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Id.; Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). In a factual sufficiency review, we again consider all the evidence, but now in a neutral light. *Marshall*, 210 S.W.3d at 625; *Watson*, 204 S.W.3d at 414. Although an appellate court's authority to review factual sufficiency permits the court to disagree with the fact finder's determinations, even to a limited degree those concerning the weight and credibility of the evidence, the appellate court must accord them due deference. *Marshall*, 210 S.W.3d at 625; *Johnson*, 23 S.W.3d at 9. When there is a conflict in the evidence, to find it factually insufficient we must first be able to say, with some objective basis in the record, that the great weight and preponderance of all the evidence contradicts the jury's verdict. *Watson*, 204 S.W.3d at 417.

Application

The State was required to prove beyond reasonable doubt that appellant intentionally or knowingly possessed methamphetamine in an amount less than one gram. Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 2003).

To establish possession, the State must prove two elements: (1) that the accused exercised care, control, or management over the contraband, and (2) that the accused knew the matter possessed was contraband.[4] *Poindexter v. State,* 153 S.W.3d 402, 405

---

[4] Appellant does not challenge the second element. Accordingly, we will not address it here.

(Tex.Crim.App. 2005). Possession may be established through circumstantial evidence and while mere presence is insufficient to support a conviction, it is an applicable circumstance. *McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Crim.App. 1985). The State is not required to prove that the accused had exclusive possession of the contraband. *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App. 1981). When more than one person exercises control over the place where the substance is found, however, some independent link must exist between the accused and the contraband to permit the inference he had knowledge of and control over it. *Evans v. State,* 202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006); *Poindexter,* 153 S.W.3d at 406.

A "link" generates a reasonable inference that the defendant knew of the contraband's existence and exercised control over it. *Brown v. State,* 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). The State's evidence need not exclude every reasonable hypothesis other than the defendant's guilt, but it must show facts and circumstances that, when viewed in the totality of the circumstances, indicate the defendant's knowledge of and control over the drugs and demonstrate that the defendant's connection with the drugs was more than fortuitous. *Id.*

Among the potential links between a defendant and contraband are: (1) the defendant's presence when the search was conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the

6

defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of the contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the accused indicated a consciousness of guilt. *Evans,* 202 S.W.3d at 162 n.12, *citing Olivarez v. State,* 171 S.W.3d 283, 291 (Tex.App.–Houston [14th Dist.] 2005, no pet.). The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense. *Evans,* 202 S.W.3d at 166; *Gilbert v. State,* 874 S.W.2d 290, 298 (Tex.App.–Houston [1st Dist.] 1994, pet. ref'd).

Here, appellant emphasizes evidence that he contends shows he was not in control of the room or the contraband. Evidence showed that the motel room was rented by a female and that a female occupant was found in the room with appellant. Evidence showed also that the female admitted to smoking drugs using one of the glass pipes earlier in the day and an officer testified some of the items in the room could have belonged to a female.

The jury also could have credited evidence, however, showing appellant's control over the motel room. Both occupants were in the room when the assistant manager contacted them and when police arrived. Appellant, not the female occupant, talked with the assistant manager about the room. Male, not female, clothing was in the room. Appellant, not the female, claimed ownership of the personal effects in the room. It was

7

appellant, not the female occupant, who told the officer he had not been able to get money from friends to pay for the room. Nonetheless, we agree with appellant that the evidence of shared control over the motel room requires the presence of additional independent facts and circumstances linking him to the methamphetamine found in the room. *Poindexter,* 153 S.W.3d at 406.

The jury could reasonably have found such facts and circumstances, beginning with the location of the bag of methamphetamine next to appellant's $21. Appellant's argument on appeal suggests that the female occupant placed the drugs next to his money while he was out of the room, but he can point to no direct evidence to support that theory, and the circumstantial evidence gives rise to an equally reasonable inference that both the money and the drugs belonged to appellant. *See Hooper,* 214 S.W.3d at 16 (an inference is a conclusion reached by considering other facts and deducing a logical consequence from them); *Brown,* 911 S.W.2d at 747. Especially when combined with appellant's apparent ownership of the clothing and personal effects in the room, the location of the methamphetamine with his money provides evidence his connection with the drugs was not merely fortuitous.

The female occupant's admission she smoked methamphetamine does not diminish the strength of the inference of appellant's knowing control of the drugs. Recall two pipes with residue were found in the room. If anything, the evidence of methamphetamine smoking in the room makes it less likely appellant was unaware of the drug's presence.

Viewing the evidence in the light most favorable to the verdict, we find a rational trier of fact could have found, beyond a reasonable doubt, that appellant knowingly exercised care, control or management over the methamphetamine. Thus, we find the evidence legally sufficient to support the jury's conviction of appellant.

We find the evidence factually sufficient as well. Considering the entire record, we conclude the proof of appellant's guilt is neither so obviously weak as to undermine confidence in the jury's determination, nor such that it is greatly outweighed by contrary proof. We overrule appellant's first issue.

*Court's Charge to Jury*

In his second issue, appellant contends that the trial court erred in failing to properly instruct the jury of the State's requirement to affirmatively link appellant to the methamphetamine. As both parties acknowledge, the trial court must give the jury "a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." Tex. Code. Crim. Proc. Ann. art. 36.14 (Vernon 2007).

In his argument in support of this issue, appellant notes the jury charge did not include instructions regarding affirmative links or the fact that mere presence at the crime scene was insufficient to prove possession. Appellant's argument calls for the type of instruction courts have found improper. *See Deener v. State*, 214 S.W.3d 522, 529-30 (Tex.App.– Dallas 2006, pet. ref'd) (holding instructing jury on affirmative links rule improper

9

because rule is only a shorthand expression for evaluating sufficiency of the evidence); *Davila v. State*, 749 S.W.2d 611, 614 (Tex.App.–Corpus Christi 1988, pet. ref'd) (declining to hold instruction requiring evidence to "affirmatively link" appellant to heroin was necessary).[5] The trial court did not err by failing to include such an instruction here.   We overrule appellant's second issue.

Finding no error, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[5] See also *Parker v. State,* 713 S.W.2d 386, 389-90 (Tex.App.–Corpus Christi 1986, no pet.) (finding no error in refusal of instruction on "mere presence").